# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

|  |  |  |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 13 Case |
| ELIZABETH COLSON SCREEN | ) | |
| | ) | Number <u>04-40615</u> |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| FRANK SCHWINDLER | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH COLSON SCREEN | ) | |
| | ) | |
| *Respondent* | ) | |

**FILED**

at 4 O'clock & 50 min P M

Date 5-14-04

MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

## ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS
## IN THE MOTION FOR DETERMINATION OF DISCHARGEABILITY

Debtor filed for Chapter 13 relief on February 20, 2004. On March 26, 2004,

Frank Schwindler ("Movant") filed a Motion for Determination of Dischargeability and this

Motion for Leave to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915.[1] This Court

has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and the Standing Order of

Reference of the District Court.

---

[1] In his Motion for Leave to Proceed In Forma Pauperis, Movant also seeks to proceed in forma pauperis in his Motion for Relief from Stay filed April 2, 2004. The Court has that Motion under advisement and will issue an order in a timely manner.

AO 72A
(Rev. 8/82)

In 2002, Movant obtained a judgment against the Debtor for $3,675.00 in the Superior Court of Chatham County. In that action, Debtor failed to respond to both the request for admissions and the motion for summary judgment; therefore, all allegations in the complaint and the request for admissions were deemed admitted as a matter of law. *See* Order and Judgment (Super. Ct. Chatham County, July 25, 2002).    Movant asserts that this judgment is nondischargeable pursuant to 11 U.S.C. § 523.

Movant filed a claim in Debtor's Chapter 13 case for $2,991.00, and this claim is deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a).  At confirmation, the Trustee will determine the dividend to be paid to unsecured creditors. Absent an objection, Movant will be paid under the plan and his judgment will be reduced by such payments. If the case pays less than a 100% dividend only the unpaid balance is subject to being discharged.

In order to proceed in forma pauperis ("IFP"), Movant must submit the documentation required by 28 U.S.C. § 1915 and satisfy the legal and financial eligibility requirements outlined in that Section. Movant's application includes the required affidavit of assets and liabilities.[2] The affidavit reflects that Movant has been incarcerated for the past five years.  Movant receives approximately $10.00 a month in gifts, and he has approximately

---

[2] Movant has not submitted a certified copy of his trust fund account statement for the six month period preceding the filing of the complaint as required by 28 U.S.C. § 1915(a)(2).  This document would be necessary if the Court were to recommend that the District Court grant the IFP. *See* In re Del Rio, No. 401CV65, 2001 WL 34094074, at *1 n.3 (S.D. Ga. Aug. 15, 2001)(Edenfield, J.)(noting that bankruptcy court should issue IFP recommendations).

$400.00 in a savings account and $100.00 in his inmate account.  In addition, Movant was receiving $150.00 per month from the judgment against Debtor; however, those payments ceased on February 24, 2004, when the automatic stay went into effect.

Movant has made a prima facie showing of poverty in his affidavit supporting this Motion.  *See* Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40, 69 S.Ct. 85, 93 L.Ed. 43 (1948)(holding that an affidavit of poverty and inability to pay is sufficient to support granting IFP motion even without showing that movant is absolutely destitute); Martinez v. Kristi Kleaners, Inc., No. 02-16019, 2004 WL 691795, at * 1 (11th Cir. Apr. 2, 2004)(noting that potential litigants should not be forced to abandon claims because of filing fee requirements).  Assuming without deciding that these facts are sufficient, however, Movant must also satisfy the legal eligibility requirements.  In re Michael, No. 00-21252, 2001 WL 34047879, at *1 (Bankr. S.D.Ga. Apr. 23, 2001)(Davis, J.)( "Essentially, the Court is required to evaluate the merits of the claim . . . and exercise discretion in deciding whether to grant in forma pauperis relief.").  *See also* Benoit v. Lassina (In re Lassina), 261 B.R. 614, 618 (Bankr. E.D. Pa. 2001); United States v. Merritt (In re Merritt), 186 B.R. 924, 930 (Bankr. S.D. Ill. 1995).

Section 1915 grants the courts the "authority to dismiss a claim based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d. 338 (1989).  Section 1915(e)(2) provides in relevant part:

AO 72A
(Rev. 8/82)

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(B) the action or appeal–
  (I) is frivolous or malicious[.]

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.  In addition, a case is frivolous under Section 1915(e)(2)(B)(I) if the plaintiff appears to have "little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Movant alleges that his judgment is nondischargeable pursuant to several exceptions in 11 U.S.C. § 523.  Movant contends that his judgment is nondischargeable under Section 523(a)(11) which excepts from discharge a debt "arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union." He further contends that his judgment is nondischargeable under Section 523(a)(17) because it orders Debtor to pay court costs.  He also asserts that his judgment is nondischargeable pursuant to Sections 523(a)(2), 523(a)(4) and 523(a)(6) because the debt arose from fraud and was willful and malicious.

There are two distinct discharges available to a Chapter 13 debtor under 11 U.S.C. § 1328.  A discharge under Section 1328(a), known as the full-compliance or super discharge, discharges a debtor from all debts provided for by the plan with a limited number

of exceptions.  Upon completion of the plan payments, the debtor will be discharged of all

debts except any debt-

> (1) provided for under section 1322(b)(5) of this title;
>
> (2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title; or
>
> (3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328(a).  If the Debtor completes all payments and receives a discharge under this

provision, the unpaid balance of Movant's judgment against the Debtor will be discharged as

it does not fall within any of the exceptions to a discharge under Section 1328(a).

The second discharge available to a Chapter 13 debtor is a hardship discharge.

A hardship discharge will only be granted if the debtor fails to complete the plan payments due

to circumstances for which the debtor should not be held accountable, the value of the property

distributed to each allowed unsecured claim under the plan is not less than the amount that

would have been paid on the claim if the estate had been liquidated, and a modification of the

plan was not practicable. 11 U.S.C. § 1328(b). Pursuant to Section 1328(c), a discharge under

Section 1328(b) does not discharge the debtor of any debt listed in 11 U.S.C. § 523(a).  If

Debtor were granted a hardship discharge, Movant's judgment may not be dischargeable if it

falls under any of the asserted exceptions.  Whether the Debtor will seek a hardship discharge

AO 72A
(Rev. 8/82)

remains to be seen.

If the Debtor moves for hardship discharge under 1328(b) or moves to convert to a Chapter 7, this Court will provide notice to all interested parties including the Movant. Movant may reassert his claims under Section 523 at that time. However, at this time, Movant's claims are premature and not ripe for adjudication; therefore, the Court should not entertain them. *See* <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999)("Essentially, the ripeness requirement 'prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements.'")(quoting <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

Although Movant appears to economically qualify for IFP, his claims are deemed frivolous at this time because he could not succeed on the merits in that his claims are not ripe for adjudication. Rather than grant the IFP and dismiss the claim at a later time, in the interest of judicial economy, this Court will deny the motion to proceed IFP and dismiss the complaint without prejudice to refiling in the event that the Debtor moves for a hardship discharge or conversion to a Chapter 7.

## O R D E R

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the Movant's Motion to Proceed In Forma Pauperis in his Motion for Determination of

Dischargeability is DENIED.

FURTHER ORDERED that Movant's Motion for Determination of Dischargeability is DISMISSED without prejudice.

_____

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 14 day of May, 2004.

Debtor – E. COLSON-SCREEN
Debtor's Atty – B. BRAZIEL
Creditor – F. SCHWINDLER
Creditor's Atty
Trustee – S. BROWN
U. S. Trustee

5/14/04
C. Ryan

7