# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 13 Case |
| ELIZABETH COLSON SCREEN | ) | |
| | ) | Number <u>04-40615</u> |
| *Debtor* | ) | |
| | ) | |
| FRANK SCHWINDLER | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH COLSON SCREEN | ) | |
| | ) | |
| *Respondent* | ) | |

**FILED**
at 4 O'clock & 50 min P M
Date 5-20-04
MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

<u>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS
IN MOTION FOR RELIEF FROM STAY,
ORDER DISMISSING MOTION FOR RELIEF FROM STAY,
ORDER DISMISSING MOTION FOR SUMMARY JUDGMENT, AND
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>

Debtor filed for Chapter 13 relief on February 20, 2004. On March 26, 2004, Frank Schwindler ("Movant") filed this Motion for Leave to Proceed In Forma Pauperis ("IFP") in his Motion for Relief from Automatic Stay. On April 2, 2004, Movant filed this Motion for Appointment of Counsel, and on May 17, 2004, Movant filed a Motion for Summary Judgment on the Motion for Relief from Automatic Stay. In his Motion for

Leave to Proceed IFP, Movant also sought to proceed IFP in his Motion for Determination of Dischargeability. This Court entered an Order denying Movant leave to proceed IFP in his Motion for Determination of Dischargeability on May 14, 2004 ("May 14th Order"). The May 14th Order is incorporated herein by reference. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and the Standing Order of Reference of the District Court.

In 2002, Movant obtained a judgment against the Debtor for $3,675.00 in the Superior Court of Chatham County. The judgment was entered on the general execution docket, and on December 1, 2003, the Superior Court issued a Summons of Continuing Garnishment. On February 24, 2004, the automatic stay went into effect in Debtor's case and Movant stopped receiving payments from the Debtor. Movant seeks relief from the automatic stay in order to enforce the garnishment order.

As the Court wrote in the May 14th Order, Movant must satisfy both the financial and legal eligibility requirements outlined in 28 U.S.C. § 1915 in order to proceed IFP. In addition to finding that Movant has satisfied his prima facie case of poverty, the Court must determine if Movant's claim is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if the plaintiff appears to have "little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

In a Chapter 13 case, the debtor's earnings are property of the estate. 11 U.S.C. § 1306(a)(2). To allow a creditor to enforce a garnishment against property of the

2

estate would be damaging to the debtor's reorganization and at odds with the purpose of a Chapter 13 filing. The purpose of Chapter 13 reorganization "is to enable an individual . . . to develop and perform under a plan for the repayment of his debts over an extended period. During the repayment period, creditors may not harass the Debtor or seek to collect their debts. They must receive payments only under the plan." H.R. Rep. No. 95-595, at 118 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6079. A garnishment is also inconsistent with the notion of voluntary repayment underlying a Chapter 13 reorganization. *See* Villanueva v. Dowell (In re Villanueva), 274 B.R. 836, 842 (B.A.P. 9th Cir. 2002)("Chapter 13 was designed and enacted as a vehicle for voluntary repayment with future income through composition and/or extension of debts."). Debtor's plan provides for Movant's claim, and Movant will receive payments in accordance with the plan provisions, assuming the plan is confirmed.

In Debtor's Amended Chapter 13 Plan and Motion, Debtor moves to avoid Movant's lien pursuant to 11 U.S.C. § 522(f). If Debtor succeeds in avoiding Movant's lien, then Movant's claim will be unsecured. *See* Finance One v. Bland (In re Bland), 793 F.2d 1172, 1175 (11th Cir. 1986)(en banc)("[O]nce the lien has been set aside the property is no longer encumbered."); Bache-Wiig v. Fournier (In re Bache-Wiig), 299 B.R. 245, 246 (Bankr. D. Me. 2003)("The Debtor also seeks a determination that the judgment lien obtained by the Defendant is avoidable under 11 U.S.C. § 522(f). If the Debtor is successful, the Defendant's claim will be entirely unsecured."). Unsecured creditors are seldom if ever granted relief from the automatic stay. *See, e.g.,* Fazio v. Growth Dev. Corp. (In re Growth

AO 72A
(Rev. 8/82)

3

Dev. Corp.), 168 B.R. 1009, 1017 (Bankr. N.D. Ga. 1994)("Unfortunately for [Movant], he is an unsecured creditor, and unsecured creditors are seldom entitled to relief from the automatic stay."); In re Tristar Auto. Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)("An unsecured creditor would not be entitled to relief from the automatic stay unless it can establish extraordinary circumstances."); In re Schmid, 53 B.R. 70, 71 (Bankr. E.D. Pa. 1985)("As a general rule, unsecured creditors are not entitled to relief from the stay to collect on a debtor's prepetition obligations."). This Court will determine the status of Movant's lien and the estimated payment on his claim at confirmation.

Until confirmation is ruled upon, in light of the proposed treatment the Debtor's plan accords to Movant's claim, the Motion for Relief from Stay is premature. In the May 14th Order, I held that a premature claim is deemed frivolous because the Court does not have the authority to entertain it. If the plan is confirmed, Movant's Motion for Relief remains frivolous because it is legally inconsistent with the purposes of Chapter 13. Only if confirmation is denied will a motion seeking this relief present a justiciable controversy.

Movant also filed a Motion for Appointment of Counsel in order to represent his interests in this matter. There is no constitutional right to counsel in a civil case. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court has discretion to appoint counsel for indigent persons pursuant to 28 U.S.C. § 1915(e); however, it is uncertain as to whether the provision applies in bankruptcy courts. See In re Fitzgerald, 167 B.R. 689, 691 (Bankr.

AO 72A
(Rev. 8/82)

4

N.D. Ga. 1994). Assuming without deciding that 28 U.S.C. § 1915(e) does apply in bankruptcy courts, the court should only appoint counsel in a civil case under exceptional circumstances. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)(noting that novel or complex facts and legal issues may constitute exceptional circumstances). Movant's main reason for seeking counsel appears to be his incarceration, but incarceration does not compel the appointment of counsel. Id. (recognizing that a prisoner has no absolute right to the appointment of counsel). As Movant has not demonstrated any exceptional circumstances, his Motion for Appointment of Counsel is denied.

## ORDER

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the Movant's Motion to Proceed In Forma Pauperis in his Motion for Relief from Automatic Stay is DENIED.

FURTHER ORDERED that Movant's Motion for Relief from Automatic Stay is DISMISSED without prejudice.

FURTHER ORDERED that Movant's Motion for Summary Judgment on the Motion for Relief from Automatic Stay is DISMISSED as moot.

FURTHER ORDERED that Movant's Motion for Appointment of Counsel is DENIED.

FURTHER ORDERED that the Clerk of the Bankruptcy Court is to refund all money that Movant has paid in to the Court.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 20th day of May, 2004.



cc: Debtor — E. COLSON SCREEN
Debtor's Atty — B. BRAZIEL
Creditor — F. SCHWINDER
Creditor's Atty — _____
Trustee — S. F. BROWN

5/21/04
CB