# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| ELIZABETH COLSON SCREEN ) | |
| ) | Number <u>04-40615</u> |
| *Debtor* ) | |
| ) | |
| ) | |
| ) | |
| ) | **FILED** |
| FRANK SCHWINDLER ) | at 2 O'clock & 45 min P M |
| ) | Date 6-4-04 |
| *Movant* ) | |
| ) | MICHAEL F. McHUGH, CLERK |
| v. ) | United States Bankruptcy Court |
| ) | Savannah, Georgia |
| ELIZABETH COLSON SCREEN ) | |
| ) | |
| *Respondent* ) | |

<u>ORDER ON MOTION FOR SANCTIONS</u>

Debtor filed this Chapter 13 petition on February 20, 2004. On March 26, 2004, Movant, a judgment creditor, filed a Motion to Proceed In Forma Pauperis to pursue an adversary proceeding for a determination of dischargeability. The Motion to Proceed In Forma Pauperis also requested leave to file a motion for relief from stay. The Court severed the Motion to Proceed In Forma Pauperis, and on May 14, 2004, this Court entered an order denying Movant's Motion to Proceed In Forma Pauperis and dismissed the Motion for Determination of Dischargeability [hereinafter "A.P."]. On May 20, 2004, this Court entered an order denying Movant's Motion to Proceed In Forma Pauperis and dismissed the Motion for Relief from Stay.

AO 72A
(Rev. 8/82)

On May 1, 2004, before the Court entered the order denying the Motion to Proceed In Forma Pauperis, Movant served a Motion for Sanctions on Debtor's counsel. In accordance with Rule 9011, Movant provided Debtor twenty-one days to amend or withdraw the pleading addressed in the Motion for Sanctions. After receiving no response from Debtor, Movant filed another Motion for Sanctions with the Court on June 1, 2004.[1] Although Movant filed the Motion under Federal Rule of Civil Procedure 11, this Court will analyze the Motion under Bankruptcy Rule 9011 as the relevant parts of Rule 9011 are identical to Rule 11. *See* Valley Nat'l Bank of Arizona v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir. 1991)("Because the analysis of sanctions is essentially identical under Rules 9011(a) and Rule 11, we will use the terms interchangeably."). In the Motion for Sanctions, Movant requests the Court strike Debtor's answer to the A.P., enter judgment for Movant on the A.P., and dismiss Debtor's Chapter 13 petition.

Movant alleges that Debtor's answer to the A.P. is frivolous and lacking evidentiary support, that Debtor denied paragraphs of the complaint that Debtor knew to be true, and that Rule 9011 requires that the denials of factual contentions must be warranted by the evidence.

Movant states that the admissions Debtor made in a separate Superior Court action in which Movant obtained judgment against Debtor are evidence of false statements

---

[1] The Motion for Sanctions filed with the Court is not identical to the Motion for Sanctions served on the Debtor; however, Movant included the Motion served on Debtor as an attachment to the Motion filed with the Court. The Court will construe the Motion filed in this Court as a motion to rule on the Motion previously served on Debtor. Any allegations included in the Motion filed with the Court that were not included in the Motion served on Debtor are not considered in this Order because the Movant failed to provide the required twenty-one day "safe harbor" period as to any new allegations. *See* Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995)(holding that failure to comply with mandatory "safe harbor" provisions is grounds for denial of sanctions).

AO 72A
(Rev. 8/82)

in the answer filed in response to the A.P. However, those admissions may not be used against Debtor in this proceeding. See O.C.G.A. § 9-11-36(b)("Any admission made by a party under this Code section is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding.").

Movant argues that the Debtor's answer in the A.P. also evidences false statements made in Debtor's Chapter 13 petition. The alleged false statements in the petition appear to be harmless. For example, although Debtor admitted the existence of a garnishment in her answer in the A.P., it is not listed on the Statement of Financial Affairs filed with her Chapter 13 petition. However, four days after the Chapter 13 filing, the Court entered an order staying the garnishment proceeding, so it clearly was apparent from an examination of the file.[2] Furthermore, Movant also cites Debtor's failure to list his claim as secured as a false statement; however, Debtor seeks to avoid his lien under 11 U.S.C. § 522(f). Thus, the petition clearly evidences that a lien exists which Debtor proposes to avoid, rendering the claim unsecured.

On May 14, 2004, this Court denied Movant's Motion to Proceed In Forma Pauperis and dismissed the A.P. as it was not properly before the Court. Before the Court had ruled on the Motion to Proceed In Forma Pauperis, the Bankruptcy Court Clerk's Office issued a Summons and Notice requiring Debtor to answer Movant's complaint in the A.P. This summons was served in error as Debtor should not have been served before the Court ruled on the in forma pauperis motion. See In re Funkhouser, 873 F.2d 1076, 1077 (8th Cir. 1989) ("Determination of the

---

[2] Funds totaling $695.26 have been remitted to the Trustee as a result of my order staying the garnishment. By separate order, I will determine which, if any, of these funds are pre-petition such that they should be remitted to Movant, and which are post-petition to be retained by the Trustee and distributed under the Chapter 13 plan.

question of leave to proceed in forma pauperis under 28 U.S.C. § 1915 should precede both issuance and service of process."). Debtor filed an answer in response to the A.P. in order to comply with the Court's summons. However, the answer should not have been before the Court, and the Court should not consider it now for the purpose of sanctions.

Movant has made additional allegations regarding concealment of property and false swearing. Although at this time, the Court cannot determine the merits of those allegations, the Court would be remiss if it did not refer this case to the United States Trustee for further inquiry.

ORDER

For all of the foregoing reasons, the Motion for Sanctions is DENIED.

This Order shall be served on all parties entitled to notice and in addition, upon the Office of the United States Trustee. The Chapter 13 Trustee and the Office of the United States Trustee are directed to make such further inquiry and examination into this case as is appropriate and bring any actionable matter which is discovered before the Court by motion.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 4th day of June, 2004.

cc: Debtor - E. COLSON SCREEN
Debtor's Atty. - B. BRAZIEL
Creditor - F. SCHWINDLER
Trustee - S. F. BROWN
U. S. Trustee - A. JAMES
6/4/04
CBR

AO 72A
(Rev. 8/82)

4