# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 8 o'clock & 30 min A M
Date August 31, 2004
MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| ELIZABETH COLSON SCREEN ) | |
| ) | Number 04-40615 |
| *Debtor* ) | |

### MEMORANDUM AND ORDER
### ON FRANK J. SCHWINDLER, JR.'S OBJECTION TO CONFIRMATION

Elizabeth Colson Screen ("Debtor") filed this Chapter 13 case on February 20, 2004. On July 12, 2004, Frank J. Schwindler, Jr. filed an Objection to Confirmation of Debtor's plan alleging that Debtor's plan was proposed in bad faith.[1] The Court held a hearing on confirmation on July 20, 2004. At the hearing, I stated on the record that the objection was overruled because the plan was proposed in good faith. The Court enters this Order to thoroughly address the ruling on the objection. This Court has jurisdiction over this core matter pursuant to 28 U.S.C. § 157(b)(2)(L).

### FINDINGS OF FACT

At the hearing, Debtor testified that she is an employee of the Board of Education, and she has been employed there for eleven years. After the bankruptcy

---

[1] Schwindler's Objection to Confirmation does not specifically allege bad faith, but based on the allegations included therein, the Court infers this is Schwindler's contention. He asserts that Debtor is ineligible for relief because she does not have a reasonable expectation of maintaining employment and her debts "arose from fraud, embezzlement or criminal wrong-doing."

AO 72A
(Rev. 8/82)

payments are deducted from her paycheck, she receives approximately $1,800.00 per month. She co-owns a house on 3 Abbey Court in Savannah, Georgia, that has a tax value of $105,000.00 and is subject to a mortgage of approximately $89,000.00. She testified that the house is in dire need of repair. She also owns a small piece of property in Florida that has a tax value of approximately $1,500.00. In addition to the real property, Debtor owns a 1990 Chevy S10 and a 1974 Plymouth Scamp.

Prior to the filing, Debtor had difficulty repaying a student loan. As a result, her teaching license was suspended. While Debtor attempted to remedy the situation with the student loan, she was paid the same salary as a substitute teacher. During this period, she lost approximately $5,000.00 in wages. Furthermore, her child's father sued for custody of the child, and she was forced to retain an attorney which cost several thousand dollars. When these expenses arose, Debtor was unable to make her house payments. She testified that she believed she was behind by three payments at the time of filing. She asserts that she filed this Chapter 13 petition in order to prevent losing her home.

Debtor also filed for bankruptcy in a joint case in the eighties and a Chapter 13 that was converted to a Chapter 7 in 1995. Debtor is current in her payments in this Chapter 13 case, and her plan proposes to pay her creditors 100% of their claims.

AO 72A
(Rev. 8/82)

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 1325(a)(3), a plan must be filed in good faith in order to be confirmed. Debtor has the burden of proving that the plan was proposed in good faith. In re Snipes, Ch. 13 Case No. 03-43000, slip op. at 7 (Bankr. S.D. Ga. May 4, 2004)(Davis, J.). Although the Bankruptcy Code does not define good faith, the Eleventh Circuit listed factors to be considered when determining if the Chapter 13 plan was filed in good faith. See Kitchens v. Georgia R.R. Bank and Trust Co. (In re Kitchens), 702 F.2d 885, 888-89 (11th Cir. 1983). The court held that a bankruptcy court must conduct a fact-sensitive analysis and consider the following nonexclusive list of factors:

(1) the amount of the debtor's income from all sources;
(2) the living expenses of the debtor and his dependents;
(3) the amount of attorney's fees;
(4) the probable or expected duration of the debtor's Chapter 13 plan;
(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
(6) the debtor's degree of effort;
(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
(8) special circumstances such as inordinate medical expense;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
(11) the burden which the plan's administration would place on the trustee.

AO 72A
(Rev. 8/82)

In addition to these factors, I have considered factors from other jurisdictions including the percentage of proposed repayment and the debtor's honesty in representing facts. In re Sellers, 285 B.R. 769, 772 (Bankr. S.D. Ga. 2001)(Davis, J.)(citing Deans v. O'Donnell (In re Deans), 692 F.2d 968, 972 (4th Cir. 1982)). As no single factor is determinative, good faith is properly determined by examining the totality of the circumstances. Id.

After considering the totality of circumstances, I find that the Debtor's case was filed in good faith and the objection should be overruled. Mr. Schwindler raised many serious allegations in his Objection to Confirmation. Not all of them were directly relevant to this Court's good faith analysis, and Debtor testified credibly as to those that were.

It is evident that Debtor did not file bankruptcy merely to avoid Schwindler's judgment lien on her property, but rather, Debtor filed in order to save her house on which she had failed to make three payments. As I held in Snipes, filing a Chapter 13 petition in order to save the primary residence is a common and valid reason for filing. In re Snipes, slip op., at 7.

In further support of Debtor's contention that the plan was filed in good faith, Debtor is proposing to pay her creditors 100% of their claims, her scheduled expenses are reasonable, and the plan provides that all of her projected disposable income will be paid into the Chapter 13 case. In addition, Debtor has been employed by the Board of Education

4

AO 72A
(Rev. 8/82)

for eleven years, thus, she clearly has the economic ability to complete the plan. Although Debtor has sought bankruptcy protection before, her filings were long ago and have no bearing on this good faith analysis.

Although the Court overruled Mr. Schwindler's Objection to Confirmation at the hearing, the case was not in a posture to be confirmed. A Continued Hearing on Confirmation has been scheduled and noticed for September 14, 2004. At that time, the Court will address the Objection to Confirmation filed by the Trustee. I reiterate my concern regarding the allegations raised by Mr. Schwindler in his various pleadings and direct that the Chapter 13 Trustee and the Office of the United States Trustee continue to investigate these allegations and take appropriate action if any of the allegations appear to be well-founded.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Objection to Confirmation filed by Frank J. Schwindler, Jr. is OVERRULED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 30th day of August, 2004.

cc: Debtor - E. COLSON SCREEN
Debtor's Atty. - B. BRAZIEL
Creditor - F. SCHWINDLER
Creditor's Atty. - _____
Trustee - S. F. BROWN
U.S. TRUSTEE - JAMES
8/31/04

AO 72A
(Rev. 8/82)