# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at  11  O'clock &  48  min  A  M
Date  9/20/04

MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| ELIZABETH COLSON SCREEN ) | |
| ) | Number 04-40615 |
| *Debtor* ) | |

## ORDER ON FRANK J. SCHWINDLER, JR.'S
## MOTION TO RECONSIDER OBJECTION TO CONFIRMATION

Elizabeth Colson Screen ("Debtor") filed this Chapter 13 case on February 20, 2004. On July 12, 2004, Frank J. Schwindler, Jr. ("Movant") filed an Objection to Confirmation of Debtor's plan alleging that Debtor's plan was proposed in bad faith. The Court held a hearing on confirmation on July 20, 2004. At the hearing, I stated on the record that the objection was overruled because the plan was proposed in good faith. On August 31, 2004, the Court entered a written Order overruling Movant's Objection to Confirmation ("August 31 Order"). On September 13, 2004, Movant filed this Renewal of Creditor's Objection to Confirmation and Request for Reconsideration.

Motions to reconsider an order in bankruptcy are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9023, or as a motion for relief from judgment under Federal Rule of Civil Procedure 60, made applicable in bankruptcy by Federal Rule of Bankruptcy

Procedure 9024. *See* Aguiar v. Interbay Funding, LLC (In re Aguiar), 311 B.R. 129, 135 n.9 (B.A.P. 1st Cir. 2004); Britt's Home Furnishing, Inc. v. Hollowell, (In re Hollowell), 242 B.R. 541, 542 (Bankr. N.D. Ga. 1999). Because Movant's Request for Reconsideration was filed more than ten days after the entry of the August 31 Order, it is properly treated as a motion under Rule 60. The facts and law relevant to this Motion are fully set forth in the August 31 Order and are incorporated herein by reference.

Reconsideration of a judgment is an extraordinary remedy which should be exercised sparingly. Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It should not be used to relitigate issues already decided. In re Hollowell, 242 B.R. at 543. There are three primary grounds justifying reconsideration of a judgment: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989)(Edenfield, J.). *See also* Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072 (M.D. Fla. 1993)("When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based.").

After a thorough review of Movant's Motion, it is evident that Movant disagrees with the Court's Findings of Fact and its application of the controlling law to those facts. However, Movant does not proffer any previously unavailable evidence nor any change in the controlling law. Furthermore, Movant has not demonstrated any clear error in the August 31 Order.

It appears that Movant's primary objection to the August 31 Order is the weight which this Court gave Debtor's testimony; however, it is the function of the trier of fact to determine a witness's credibility. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). Mere disagreement with the Court's factual findings and legal applications is not sufficient to justify a reconsideration of the August 31 Order.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Movant's Request for Reconsideration is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 17th day of September, 2004.

cc: Debtor Screen
Debtor's Atty. Braziel
Creditor Schwindler
Creditor's Atty. _____
Trustee Brown
U. S. Trustee James

MH 9/20/04

3